FOR PUBLICATION

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| IN RE: FERTIMA C. NEALY, <br>         Debtor. |
| FERTIMA C. NEALY. <br>         Plaintiff, <br> vs. <br> IVY HOLDINGS, LLC, <br>         Defendant. |

Case No. 20-19-33672 (MBK)

Adv. No. 20-1038 (MBK)

Chapter 13

Hearing Date: 12/11/2020

Judge: Michael B. Kaplan

**R. Cameron Legg, Esq.**
Oliver & Legg, LLC
2240 Route 33, Suite 112
Neptune, NJ 07753
*Attorney for Plaintiff/Debtor*

**Anthony L. Velazquez, Esq.**
1609 Route 88, Suite 330
P.O. Box 1030
Brick, NJ 08723
*Attorney for Defendant*

**Albert Russo, Esq.**
CN 4853
Trenton, NJ 08650
*Standing Chapter 13 Trustee*

**MEMORANDUM OPINION DENYING SUMMARY JUDGMENT**

This matter comes before the Court on a motion (ECF No. 9) filed by the Plaintiff/Debtor, Fertima C. Nealy ("Debtor"), in the above-captioned adversary proceeding, seeking summary judgment to void the transfer of real property located at 203 Deal Avenue in Neptune, New Jersey ("Property") to Defendant, Ivy Holdings, LLC ("Defendant"), as a result of a final judgment of

foreclosure, and to re-vest title with Debtor. Defendant filed opposition (ECF No. 10). On November 6, 2020, the Court requested supplemental briefing from the parties to address 1) Debtor's standing to pursue an avoidance action when considering the limitations set forth by 11 U.S.C. § 522(h); and 2) Debtor's ability to establish a prima facie claim in light of the Third Circuit's holding in *In re Majestic Star Casino*, LLC, 716 F.3d 736 (3d Cir. 2013), in which the Third Circuit queries the propriety of the debtor bringing an avoidance action that offers no benefit to creditors. Debtor filed two additional certifications (ECF Nos. 13 and 15), and Defendant filed one response (ECF No. 14). The Court has considered the original pleadings and the supplemental certifications provided by the parties. For the following reasons, Debtor's motion for summary judgment will be DENIED, without prejudice to refiling as discussed below.

**I.    Background**

The facts of this case are well known to the parties and the Court, and therefore need not be repeated in great detail here. The Property at issue in this matter was owned by Debtor's grandparents as a tenancy by the entirety. After both grandparents died, the property was deeded to their five children, leaving the property split into fifths. Debtor's mother had one of these shares who she passed on to her two children, Debtor and Debtor's brother, after she died. Debtor was left with a one-tenth interest in the property (1/10), representing half of her mother's one-fifth (1/5) interest. (ECF No. 9, Debtor's Certification) Defendant argues that Debtor's partial ownership stake of 10% has never been established.

On March 14, 2013, Rosehhill Fund 1, LLC purchased a tax sale certificate against the Property as a result of $5,121.32 in unpaid taxes, and this tax sale certificate was assigned to Tower Fund Services. On July 1, 2015, Tower Fund Services filed a foreclosure complaint in the Superior Court of New Jersey. On September 19, 2019, Tower Fund Services was substituted for Ivy

2

Case 20-01038-MBK    Doc 16    Filed 01/07/21    Entered 01/07/21 13:36:28    Desc Main
Document    Page 3 of 11

Holdings, LLC as the plaintiff in the foreclosure proceedings due to an assignment in interest of the tax sale certificate. Defendant was granted the right to title of the Property in a final judgment dated September 23, 2019. At that point on, the amount necessary to redeem was $29,356.12.

Debtor filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code on December 23, 2019, and listed the Property as valued at $227,500 (Case No. 19- 33672). Defendant filed a proof of claim for $70,883 and listed the Property value as $195,332. A market analysis performed for the Debtor by Pittenger Realty determined the value to be $185,777. Defendant's proof of claim includes the $33,885.72 for the certificate and all tax/utility payments made prior to the bankruptcy filing, plus an additional $18,970.02 for accrued interest and other charges prior to the plan, and the balance of approximately $19,028 representing 18% interest over Debtor's five-year chapter 13 plan.

The complaint in this adversary proceeding was filed on January 23, 2020 (ECF No. 1), and Defendant filed an answer on February 14, 2020 (ECF No. 4). Debtor's objective with the adversary proceeding was to avoid a tax foreclosure sale that allegedly constituted a fraudulent transfer and/or preferential transfer pursuant to 11 U.S.C. §§ 547, 548, 550 and 551. Debtor argued in her first count that the transfer of the Property to Defendant is avoidable pursuant to § 548 and should therefore be set aside because she received less than the reasonably equivalent value for the transfer and she either was insolvent at the time the Property was transferred, or the transfer rendered the Debtor insolvent. Debtor's second count asserts the transfer is voidable under § 547(b) because her interest in the Property was transferred to Defendant on or within 90 days before the date of the filing of the bankruptcy petition, Debtor was insolvent at the time of the transfer, and Defendant received more than it would have received if (a) Debtor was in a chapter 7 bankruptcy, (b) the transfer had not been made, or (c) Defendant received payment of such debt

to the extent provided by the provisions of title 11 because the value of the property exceeded Defendant's claim.

## II. Debtor's Motion for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the Supreme Court has indicated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 1). "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir. 1993).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Huang v. BP Amoco Corp.,* 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex Corp.,* 477 U.S. at 323, 106 S. Ct. 2548). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Disputed material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted).

"Once the moving party establishes the absence of a genuine dispute of material fact, however, the burden shifts to the non-moving party to 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *In re Moran-Hernandez*, 544 B.R. 796, 800 (Bankr. D.N.J. 2016) (quoting *Matsushita,* 475 U.S. at 586, 106 S. Ct. 1348).  A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. FED. R. CIV. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine [dispute] for trial"); s*ee also Fireman's Ins. Co. of Newark, N.J. v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982); *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir. 1972).  If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc.*, 477 U.S. at 249–250. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587.

**III.    Material Issues of Fact**

As an initial matter, there are issues of fact that remain unresolved and lead this Court to find that summary judgment cannot be granted at this time. Specifically, the value of the property is unclear. Debtor's initial moving papers include a market analysis performed by a real estate company who values the property at $185,777 (See Exhibit B to the Motion for Summary Judgment, ECF No. 9). Defendant's Proof of Claim lists a value of $195,332. Finally, in the Debtor's Supplemental Certification, the Debtor claims that the property has a "professional, undisputed valuation of $227,500."

5

A second issue of fact that remains is the extent of Debtor's interest in the property. The Debtor claims that "since the filing of the Petition, the Debtor has proven that she has a 10% interest in the property." Indeed, the Defendant does not appear to dispute this percentage of ownership. However, given the various figures tossed around in prior submissions, the uncertainty at the time of the last hearing, and the absence of any concrete submission in the record which conclusively establishes the 10% ownership interest, the Court does not consider this matter to be resolved for purposes of summary judgment.

Finally, it is unclear whether Defendant filed a lis pendens on the Property. This information determines the survival or failure of Debtor's claim under 11 U.S.C. § 547, which seeks to avoid the transfer as a preference. Pursuant to § 547(b), a trustee may avoid a transfer that was, among other things "made on or within 90 days before the date of the filing of the petition." In a recent persuasive decision in this District, *In re Polanco*, the bankruptcy court held that the transfer relates back to the filing of a lis pendens (not the foreclosure sale or transfer of title). *In re Polanco*, No. 19-31409 (JNP), 2020 WL 6938147, at *1 (Bankr. D.N.J. Nov. 24, 2020) In *Polanco*, a lis pendens supporting a tax foreclosure action that was filed prior to the preference period prevented a debtor from prevailing on a preference action when title to the property was transferred within the preference period. Here, the record is unclear as to when, or whether, a lis pendens was filed. Thus, it is unknown whether the transfer in this case was made on or within 90 days before the date of the filing of the petition—and summary judgment on the first Count of the Complaint under § 547 must be denied.

**IV.    Legal Issues**

Although issues of fact preclude summary judgment at this time, the Court is able to make certain determinations as a matter of law. For reasons discussed below, these determinations

require denial of the present motion for summary judgment, and suggest that this case can be resolved through additional motion practice—and without the need for trial—if the outstanding issues of fact are resolved and stipulated by the parties.

### A. Standing

As to the issue of standing, it does not appear that the Debtor has authority to bring these avoidance actions to achieve all of the relief sought in the summary judgment motion. Pertinently, in her moving papers, the Debtor asks that the transfer of the property be avoided and that the property be made part of the bankruptcy estate. The Debtor then suggests that she will pay the Defendant the value of its claim through her chapter 13 plan. However, this purpose does not comport with persuasive case law in this circuit, including the dicta in *In re Majestic* to which the Court directed the parties. To wit, to the extent the Debtor seeks to recover the transferred property, she may only do so if it is "for the benefit of the estate." *In re Majestic*, 716 F.3d at 761 (quoting *In re Messina,* 687 F.3d 74, 82–83 (3d Cir.2012) (citing 11 U.S.C. § 550(a)). "A debtor is not entitled to benefit from any avoidance . . . and 'courts have limited a debtor's exercise of avoidance powers to circumstances in which such actions would in fact benefit the creditors, not the debtors themselves.'" *In re Majestic*, 716 F.3d at 761 n.26 (citing *In re Messina,* 687 F.3d at 82–83 and quoting *In re Cybergenics Corp.,* 226 F.3d 237, 244 (3d Cir.2000).

Recently, the concept that a transfer may only be avoided if it benefits the estate was reinforced in a decision out of a bankruptcy court in Delaware. In *In re Allonhill, LLC*, the bankruptcy court stated that:

> Section 550(a) of the Bankruptcy Code provides that transfers avoided under Sections 544 and 548 may be recovered only "for the benefit of the estate." . . . For this reason, "courts have limited a debtor's exercise of avoidance powers to circumstances in which such actions would in fact benefit the creditors, not the debtors themselves." *Id.* at 244; *see also In re Messina*, 687 F.3d 74, 82-83 (3d Cir. 2012); *In re Majestic Star Casino, LLC*, 716 F.3d 736, 761 n.26 (3d Cir. 2013) ("A

7

> debtor is not entitled to benefit from any avoidance.") (citation omitted). To the extent Allonhill prevails on its avoidance claims, it cannot recover in excess of outstanding creditor claims. To hold otherwise would result in a windfall to equity (primarily the Allons) that Section 550 and Third Circuit law precludes. *See In re Majestic Star*, 716 F.3d at 761 n.26.

*In re Allonhill, LLC*, No. 14-10663 (KG), 2019 WL 1868610, at *52 (Bankr. D. Del. Apr. 25, 2019), *aff'd in part, remanded in part,* No. 13-11482 (KG), 2020 WL 1542376 (D. Del. Mar. 31, 2020), *reh'g denied,* No. 14-10663-KG, 2020 WL 6822985 (D. Del. Nov. 20, 2020).

In the Debtor's response to the Defendant's Supplement (ECF No. 15), she claims that she "is not seeking to avoid a transfer of property greater than the extent exempted under (g)(1)." However, the Debtor's motion for summary judgment clearly seeks an "un-doing" of the foreclosure sale and a restoration of title in the Debtor's name. The motion makes no mention of recovering an exemption amount under § 522(g)(1) and, if the Debtor were to prevail as sought in her avoidance claims, she would receive a recovery in excess of creditor claims—a result which is contrary to the purposes and objectives of § 548 and § 550.

This Court does not interpret the line of cases requiring a benefit to creditors to mean that a debtor can never bring an avoidance action where a trustee has opted not to do so for the benefit of creditors. Indeed, the ability of a debtor to avoid a transfer reflects the entire purpose of the rights provided to a debtor under 11 U.S.C. § 522(h). A debtor must, however, tailor the relief sought in an action brought under 11 U.S.C. § 522(h) to comport with the limitations prescribed by statute—meaning that a Debtor can only recover to the extent of any valid exemptions. That is not the relief requested in the summary judgment motion presently before the Court, so it must be denied.

### B. Debtor's Exemption

The Court notes that the Debtor's position gradually changed course and turned in the correct direction. An examination of the Debtor's schedules and the arguments and figures set forth in recent submissions indicate that the purpose of this avoidance action is, in fact, to preserve the Debtor's exemption.

By her own admission, the Debtor is entitled to an exemption of, at most, $26,475. More realistically (and assuming, without finding, that the valuation and percentage of interest set forth in the Debtor's submissions are accurate) that exemption figure is closer to approximately $17,564.42—representing 10% of the $175,644.26 in equity that would be created by avoiding the transfer. Setting aside the entire transfer, however, would leave the Defendant with a recovery in excess of $50,000. In order to confirm her chapter 13 plan, the Debtor would be obligated to pay this—and thus her creditors—the same amount that they would receive in a chapter 7 liquidation. Based on the Debtor's schedules, she would then be required to fund a plan totaling upwards of $60,000 or $70,000, with a monthly net income of just over $700. Accordingly, the Debtor appears to lack an income level sufficient to make these payments over the 60-month period, and the only way the Debtor can propose a confirmable plan is to sell the property as part of her plan. Thus, the primary objective of this adversary proceeding at this point is not to save the Debtor's family property, but to preserve the Debtor's exemption.

The court in *Funches*, faced a similar factual setting. *In re Funches*, 381 B.R. 471, 478 (Bankr. E.D. Pa. 2008). In *Funches*, the court reasoned that "the Debtor's goal in this case is to extract the value of her bankruptcy exemption (slightly under $20,000.00) from the property, rather than losing that value in a foreclosure sale." The *Funches* court observed that § 522(h) provides the debtor with a tool: "the power to use the trustee's transfer avoidance powers to recover property

9

that may be exempted." Indeed, the *Funches* court concluded that "Where all of the statutory prerequisites under § 522(g)(1) and (h) have been satisfied, a debtor may use the trustee's avoiding powers for his or her own benefit." *In re Funches*, 381 B.R. at 492. What *Funches* and its progeny, including *In re Majestic*, make clear is that a debtor does not have an independent right of action to exercise the trustee's avoidance powers. Rather, an avoidance action can only be maintained by a chapter 13 debtor within the confines of the Code and if the requirements of § 522(g)(1) and § 522(h) are satisfied. The Court finds this line of authority persuasive because to hold otherwise—and deem that an independent right of action exists—would afford a chapter 13 debtor additional rights and relief which are not provided for in the Bankruptcy Code.

Given the facts of this case, this Court rules that the Debtor is not entitled to the relief she seeks in the summary judgment Motion. To grant the relief sought—and find that the Debtor's fractional share of the property compels a total avoidance of the foreclosure sale and transfer of title—would not further goals of the bankruptcy statutes at issue and would go beyond the purpose and limitations of § 522(h) and (g)(1). Nevertheless, the Debtor may be successful under § 552(h) in recovering the value of her exemptions. The precise amount of the exemption must be calculated, using an undisputed value for the property, less any liens, to determine the equity. Once the Debtor's precise percentage of interest is fixed, that percentage can be used to determine her share of the equity and the extent of her exemption. For example, if the Debtor has a 10% interest in the property, and the total equity in the property is $180,000, then the Debtor's share is $18,000, and she can recover a judgment for that amount and record such judgment as a lien against the Property.

**V.     Conclusion**

For the foregoing reasons, Debtor's motion for summary judgment (ECF No. 9) is denied. Accordingly, the Court is adjourning the trial in this matter until March 15, 2021. The Court anticipates the filing of another motion for summary judgment—within 60 days of this opinion—that resolves the issues of fact previously discussed, or, preferably, a stipulation of settlement consistent with the Court's suggestions.

*/s/ Michael B. Kaplan*

Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

Dated: January 7, 2020